Terry Scannell, OSB #853220
terry@scannellaw.com
Christopher E. Hayes, OSB #093777
chris@scannellaw.com
SCANNELLAW, LLC
7307 SW Beveland Street, Suite 200
Tigard, OR 97223
(503) 776-0806
*Of Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **LARRY BALCOM,** an individual, by and through his attorney-in-fact, and **MARY BARNES,** an individual, <br><br> Plaintiffs, <br><br> v. <br><br> **CLINTON PETERSON** and **APRIL PETERSON**, a married couple, and **FORECLOSURE HELP, L.L.C**, an Idaho Limited Liability Company, **TRUSTED HOME OFFER LLC**, an Idaho Limited Liability Company, <br><br> Defendants. | Case No. 3:23-cv-00528-SB <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

## LOCAL RULE 7-1 CERTIFICATION

The Undersigned counsel for Plaintiffs Larry Balcom and Mary Barnes certifies that he tried to confer with counsel for Defendants, including providing drafts of Plaintiffs' Third Amended Complaint. The Defendants stated they opposed the Motion until the time counsel for Defendants was provided with redlined versions of the draft Third Amended Complaint. A redlined draft of the proposed Third Amended Complaint was provided late in the day and the

Page 1 – **PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Defendants did not respond. We assume Plaintiffs' Motion for Leave to File Third Amended Complaint is opposed.

## MOTION

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs respectfully move the Court for leave to file their Third Amended Complaint (the "Proposed TAC"). Pursuant to LR 15-1(d)(1), a copy of the Proposed TAC is attached to this Motion as Exhibit A. A redline comparison between the Proposed TAC and the Second Amended Complaint is attached to this Motion as Exhibit B.

## MEMORANDUM OF LAW

### I.   INTRODUCTION AND BACKGROUND

Plaintiff Larry Balcom ("Larry") was a 61-year-old financially vulnerable man who contacted Foreclosure Help after falling victim to a gift card scam that took approximately $100,000 from him over five-years. Over those five years, Larry fell behind on bills and that resulted in a $72,000 mortgage on his property. In November 2021, Larry received a statement informing him that he was three months past due on mortgage payments and owed $1,288.24. It is at this time that Larry contacted the Defendant. Defendants Clinton Peterson and April Peterson ("Clinton," and "April," collectively "Defendants") operated a "foreclosure consulting" business, Foreclosure Help, LLC ("Foreclosure Help"), together within in the state of Oregon and without complying with Oregon law, which regulates such business.

The property had an estimated value of $340,000 in November 2021, and a current market value of up to $450,000. On or around November 19, 2021, Defendants purchased Larry's property for $73,800, which was the $72,500 mortgage plus the past due amount on his mortgage, executed a Special Power of Attorney, executed a Statutory Warranty Deed to Foreclosure Help, and entered into a rental agreement with Larry for $300 a month with terms

that would expire on November 30, 2022. On August 24, 2022, a Quitclaim Deed was recorded conveying the property to Clinton for $1.00 and then executed a Line of Credit Trust Deed against the property for $288,000, and on November 3, 2022, provided a notice to Larry that the rent would increase from $300 per month to $2,200 per month.

Plaintiffs seek to amend their Second Amended Complaint to add a claim and make more specific the parties and claims of the Complaint, and remove Defendants John & Jane Does 1-5. Additionally, through careful examination of documents, Plaintiffs identified instances of comingling among the many LLCs operated by April and Clinton and spoliation of financial records. The proposed TAC makes these claims more definite and certain. The Plaintiffs have also added a claim for Promissory Estoppel.

## II.   ARGUMENT

Under Federal Rule of Civil Procedure 15(a), once the complaint has been answered, or a responsive pleading has been filed, amendments may be made "only by leave of court or by written consent of the adverse party." Absent written consent of the adverse party, leave to amend lies "within the sound discretion of the trial court." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)). In exercising its discretion, the court shall grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Here, leave to amend should be granted in light of recently discovered information in the case. Defendant does not oppose this motion.

//
//
//
//

Page 3 – **PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

### III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant them leave to file the Proposed Third Amended Complaint.

DATED: June 27, 2024        By:     //s// Terry Scannell
                                    Terry Scannell, OSB #853220
                                    *terry@scannellaw.com*
                                    Christopher E. Hayes, OSB #093777
                                    *chris@scannellaw.com*
                                    SCANNELLAW, LLC
                                    7307 SW Beveland Street, Suite 200
                                    Tigard, OR 97223
                                    (503) 776-0806
                                    *Of Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the United States District Court using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users, and that service will be accomplished by the USDC CM/ECF system.

DATED: June 24, 2024.

/s/ Terry Scannell
Terry Scannell, OSB #853220
*terry@scannellaw.com*
Christopher E. Hayes, OSB #093777
*chris@scannellaw.com*
SCANNELLAW, LLC
7307 SW Beveland Street, Suite 200
Tigard, OR 97223
(503) 776-0806
*Of Attorneys for Plaintiffs*