IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY BALCOM, an individual, by and
through his guardian ad litem, Mary Barnes,
and MARY BARNES,

                Plaintiffs,

        v.

CLINTON PETERSON and APRIL
PETERSON, a married couple,
FORECLOSURE HELP, L.L.C., an Idaho
Limited Liability Company, and TRUSTED
HOME OFFER, L.L.C., an Idaho Limited
Liability Company,

                Defendants.

Case No. 3:23-cv-00528-SB

**OPINION AND ORDER**

---

**BECKERMAN, U.S. Magistrate Judge.**

       Plaintiffs Larry Balcom ("Balcom") and Mary Barnes ("Barnes") (together, "Plaintiffs")

filed this action against Defendants Clinton and April Peterson, Foreclosure Help, LLC, and

Trusted Home Offer, LLC (together, "Defendants"). Plaintiffs assert claims against Defendants

for violating Oregon's Unlawful Trade Practices Act, financial abuse of a vulnerable person

under Oregon Revised Statute ("ORS") § 124.110, breach of fiduciary duty, constructive fraud,

and fraudulent transfer. (Third Am. Compl. ("Compl."), ECF No. 122.)

PAGE 1 – OPINION AND ORDER

Now before the Court is Plaintiffs' motion for a protective order pursuant to Federal Rule of Civil Procedure ("Rule") 26(c), seeking to prohibit or limit Balcom's deposition. (ECF No. 115.) For the reasons discussed below, the Court grants in part and denies in part Plaintiffs' motion for a protective order.

## LEGAL STANDARDS

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). "The Supreme Court has interpreted this language as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

A party seeking a protective order bears the burden of "proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (simplified). To determine whether the moving party has established good cause, the Court must "provide a sufficient explanation of its reasoning and the factors it considered." *A.G. v. Or. Dep't of Hum. Servs.*, No. 3:13-cv-1051-AC, 2014 WL 317016, at *3 (D. Or. Jan. 28, 2014).

## DISCUSSION

Plaintiffs seek a protective order prohibiting Defendants from taking Balcom's deposition or, alternatively, allowing Defendants to take Balcom's deposition only under "controlled

conditions," pursuant to Rule 26(c)(1)(C).[1] (Pls.' Mot. Protective Order ("Pls.' Mot.") at 2, 6-7,

ECF No. 115.) Plaintiffs suggest various safeguards that the Court could impose, including

permitting Barnes (Balcom's guardian ad litem) and psychologist to be present, allowing Balcom

"to consider" questions "with the help of" Barnes, his psychologist, and his attorney, limiting the

deposition to two hours, prohibiting video recording, and reminding the attorney taking the

deposition not to raise their voice or do anything to scare Balcom. (*Id.* at 6-7.) Defendants

respond that Plaintiffs' requests "would deprive [them] of their ability to defend themselves from

the claims" and "Plaintiffs have not submitted sufficient evidence to justify such prejudice[.]"[2]

(Defs.' Resp. at 2.)

 The Court concludes that an oral deposition of Balcom with prescribed conditions is

appropriate. Accordingly, the Court grants in part and denies in part Plaintiffs' motion for a

protective order.

## I. THE PARTIES' POSITIONS

### A. Plaintiffs' Position

 Plaintiffs assert that Balcom is "developmentally disabled" and "unable to differentiate

fact from fantasy," and thus his deposition "may be a waste of the Court's time" and would only

serve to "annoy, harass, and embarrass him." (Pls.' Mot. at 5-6.) In support of their motion,

Plaintiffs rely on declarations from Barnes and an examining psychologist, Christopher Corbett,

Psy.D. ("Dr. Corbett"). (*See* Decl. Mary Barnes ("Barnes Decl."), ECF No. 43; Corbett Report

---

[1] Rule 26(c)(1)(C) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one . . . prescribing a discovery method other than the one selected by the party seeking discovery[.]" FED. R. CIV. P. 26(c)(1)(C).

[2] Defense counsel stipulates to not raise their voices or do anything to scare Balcom if the Court allows an oral deposition. (Defs.' Resp. Pls.' Mot. ("Defs.' Resp.") at 5-6, ECF No. 116.)

("Corbett Decl.") at 1-10, ECF No. 57-1; Prof. Psych. Op. Report ("Second Corbett Decl.") at 1-4, ECF No. 111.)

In her declaration, Barnes asserts that Balcom is "incapacitated or financially incapable as defined by ORS 125.005."[3] (Barnes Decl. at 2.) Barnes also states that Balcom "has had a form of diminished mental capacity his entire life . . . especially about business or financial matters." (*Id.*)

In his Neuropsychological Evaluation dated January 15, 2024, Dr. Corbett concludes that Balcom has "significant, chronic and stable deficits in cognitive functioning . . . consistent with a mild Intellectual Developmental Disorder." (Corbett Decl. at 9.) Dr. Corbett reported that Balcom tested around a fourth grade reading level and a sixth grade math level, and that he is "easily confused [and has trouble] understanding instructions, expectations, consequences and situations." (*Id.*)

In his subsequent Psychological Opinion dated June 26, 2024, Dr. Corbett observed that Balcom "acquiesces and confabulates to hide his confusion, lack of knowledge and poor understanding," resulting in him believing things "about himself, his history and situations" that are "demonstrably false[.]" (Second Corbett Decl. at 2.) Dr. Corbett includes an example: "[Balcom] reported that he served seventeen years in the United States Army, reaching the rank of Sergeant (E5)" but "[h]e actually only served three years in the Army and made the rank of

---

[3] ORS § 125.005(5) defines "incapacitated" as "a condition in which a person's ability to receive and evaluate information effectively or to communicate decisions is impaired to such an extent that the person presently lacks the capacity to meet the essential requirements for the person's physical health or safety." OR. REV. STAT. § 125.005(5). ORS § 125.005(3) defines "financially incapable" as "a condition in which a person is unable to manage financial resources of the person effectively for reasons including, but not limited to, mental illness, mental retardation, physical illness or disability, chronic use of drugs or controlled substances, chronic intoxication, confinement, detention by a foreign power or disappearance." OR. REV. STAT. § 125.005(3).

Private First Class (E3)." (*Id.*) Dr. Corbett concludes that in his professional opinion, "Balcom is very vulnerable and is not capable of participating in a deposition appropriately, factually or with insight into what is happening or the consequences of his responses." (*Id.* at 3.)

### B.    Defendants' Position

Defendants assert that "Balcom's deposition is crucial to the just and expedient resolution of all claims and defenses in this case." (Defs.' Resp. at 2.) Defendants argue that "Plaintiffs' own allegations demonstrate that . . . Balcom possesses unique and highly relevant information to the claims at issue," and "[p]rohibiting . . . Balcom's deposition would prejudice all parties[.]" (*Id.* at 2-3.) Defendants also argue that Plaintiffs' contention that Balcom is "developmentally disabled" is insufficient to meet the good cause standard because Plaintiffs do not identify "the requisite particularized harm[.]" (*Id.* at 4.) With respect to safeguards, Defendants argue that Plaintiffs fail to identify "particularized harm that will befall . . . Balcom" without the requested safeguards. (*Id.* at 5.)

## II.    CASE LAW

In their motion papers, the parties cite and discuss the district courts' decisions in *Santa Clarita Valley Water Agency v. Whittaker Corp.*, No. 18-cv-06825, 2020 WL 8102054 (C.D. Cal. July 9, 2020) and *Gonzalez v. Marks*, No. 1:07-cv-00949, 2009 WL 179779 (E.D. Cal. Jan. 26, 2009).

In *Santa Clarita Valley Water Agency*, the defendant sought to depose Hank Arklin—the sole managing member of third-party defendant Saugus Industrial Center, LLC ("Saugus")—concerning water well contamination. 2020 WL 8102054, at *2. Saugus moved for a protective order, arguing that "Arklin's deposition should be barred to protect his health." *Id.* at *3. Saugus produced supporting documentation from a doctor stating that "Arklin 'should not attend any depositions' because [he] has 'multiple medical problems,'" and "[h]is conditions could be

potentially fatal, for this 91 year old man, if in a stressful situation." *Id.* at *2-3. The defendant

responded that prohibiting Arklin's deposition would cause substantial prejudice because Arklin

had unique and personal knowledge regarding issues in the case. *Id.* at *4. The district court

denied Saugus's motion for a protective order, finding that Saugus did not demonstrate good

cause because it failed to "explain with any specificity the health conditions . . . Arklin [was]

suffering from, or the way in which these conditions could be 'potentially fatal.'" *Id.* at *6

("Stating . . . Arklin suffers from multiple severe medical conditions that could be potentially

fatal is not a '*specific and documented factual showing*' that the proposed deposition would be

dangerous to . . . Arklin's health." (quoting *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118,

127 (D. Md. 2009)))).

In *Gonzalez*, the defendants moved to compel the deposition of a "mentally disabled"

plaintiff. 2009 WL 179779, at *1. The plaintiffs opposed the motion, asserting that the plaintiff

"is incompetent, cannot provide competent deposition testimony and his deposition would not

likely lead to the discovery of admissible evidence." *Id.* at *2. The plaintiffs, however, "provided

no supporting evidence[.]" *Id.* ("There is no evidence that [the plaintiff in question] has been

deemed incompetent, that he has no recollection of the events at issue, that a deposition would be

futile, that there is a conservator for [the plaintiff], . . . or that a guardian ad litem has been

appointed[.]"). Thus, the district court granted the defendants' motion requiring the plaintiff to be

deposed. *Id.*

In another case involving a motion for protective order to protect a vulnerable party from

being deposed, *Doe v. New Fairfield Board of Education*, No. 3:13-cv-01025, 2014 WL 7271522

(D. Conn. Dec. 18, 2014), the district court allowed the oral deposition but imposed appropriate

conditions. In *Doe*, a minor-plaintiff, represented by her parents, brought a Title IX action

alleging she was the "subject of student on student sexual harassment at school, which deprived

her of an equal educational opportunity." *Id.* at *1. The plaintiffs moved for a protective order to

preclude the defendant from deposing the minor about the nature and substance of the

harassment. *Id.* at *2. The plaintiffs submitted letters from two psychologists who opposed the

deposition completely or, at a minimum, recommended that the defendant's counsel not ask the

minor questions about the alleged abuse. *Id.* The defendant argued that inquiry into the abuse

was necessary to establish the extent of the plaintiffs' damages and whether the minor was

subjected to actionable conduct. *Id.* Ultimately, the district court, recognizing the defendant's

interest in deposing the minor and the plaintiffs' interest in minimizing harm, held that the

defendant could inquire into the alleged abuse. *Id.* However, the district court imposed

conditions on the deposition, including that the defendant not ask about the minor's past sexual

behavior and/or sexual predisposition, the deposition be held at the courthouse on a date the

court was available to address objections, and the minor could have an "additional person of

trust" attend the deposition. *Id.* at *3.

### III.    DISPOSITION

The Court finds that Defendants have a right to depose Balcom because he possesses

information that is relevant to the parties' claims and defenses in this action and proportional to

the needs of the case. Plaintiffs, however, have demonstrated good cause to impose appropriate

safeguards at the deposition.

Barnes's and Dr. Corbett's declarations identify Balcom's cognitive limitations and harm

that may result from an unrestricted oral deposition. (*See* Barnes Decl. at 2, explaining that

Balcom "does not have much of an understanding about money" and that "[t]he matter before the

Court revolves around money, business, and financial matters"; Corbett Decl. at 9, opining that

Balcom is "easily confused and . . . frequently doesn't understand situations and expectations"

and "is easily embarrassed by his limitations and . . . tends to confabulate details and explanations to understand his situation"; Second Corbett Decl. at 3, opining that "Balcom is very vulnerable and is not capable of participating in a deposition appropriately, factually or with insight into what is happening or the consequences of his responses").

Unlike in *Santa Clarita Valley Water Agency*, Plaintiffs identify "specific prejudice or harm [that] will result if the protective order is not granted." *In re Roman Cath. Archbishop*, 661 F.3d at 424 (simplified). Specifically, Balcom will be embarrassed, "easily manipulated and coerced," and "agree[] to things he doesn't understand, with the intent of looking good and having others like him." (Second Corbett Decl. at 3.) Further, and unlike *Gonzalez*, Plaintiffs submit evidence that Balcom is "developmentally disabled." (*See* Second Corbett Decl. at 9, diagnosing Balcom with a "mild Intellectual Developmental Disorder"). Plaintiffs' evidence in support of a protective order is therefore comparable to the *Doe* plaintiffs' evidence. *See* 2014 WL 7271522, at *2 (submitting psychologists' letters in support); *see also Heitkoetter v. Domm*, No. 1:22-cv-0368, 2024 WL 4608356, at *4 (E.D. Cal. Oct. 29, 2024) (holding that the plaintiffs demonstrated good cause for a virtual deposition because the deponent was confined to a wheelchair). Nevertheless, Plaintiffs have not demonstrated that under these circumstances, the Court should not allow Defendants to take Balcom's deposition.

Defendants have established that they need to depose Balcom to defend themselves against Balcom's claims. The Court agrees that Balcom possesses "unique and highly relevant information to the claims at issue[.]" (*See* Defs.' Resp. at 2-3; *see also* Compl. ¶ 16, describing Balcom's minimal communication with family other than his now-deceased mother; Compl. ¶ 42, explaining that Balcom did not inform his family of his interactions with Defendants until his landlord intervened and contacted his sister). Specifically, Balcom is Plaintiffs' only witness

with personal knowledge of the interactions between the parties, and the Court agrees that Balcom's recollection of the events in question is relevant and proportional to the needs of the case. *See Nelson v. County of Sacramento*, No. 2:12-cv-02040, 2014 WL 3341349, at *3 (E.D. Cal. July 2, 2014) (granting the plaintiff's motion to compel a deposition because the deponent was competent and "likely in possession of unique and highly relevant information"). Mindful of Balcom's vulnerabilities, however, the Court will impose safeguards to protect Balcom from potential harm.[4]

For these reasons, the Court orders that Defendants may depose Balcom, subject to the following conditions:

(i)    Plaintiffs may select the location of the deposition;

(ii)   Balcom may be accompanied at the deposition by Barnes (his guardian ad litem), Dr. Corbett, and counsel, to provide emotional support and avoid any potential psychological harm in light of Balcom's intellectual developmental disorder, but Balcom must answer questions based on his own recollection without any assistance from those present;

(iii)  Defense counsel may not ask any leading questions, but instead may ask only open-ended questions about Balcom's recollection of events, to eliminate the potential for Balcom's acquiescence to defense counsel's statements;

(iv)   If Balcom states he does not remember an event or detail about which defense counsel asks, defense counsel shall move on to the next question and avoid any repetitive questioning;

---

[4] The Court also notes that to the extent Balcom provides testimony that appears to be coerced or manipulated or demonstrably false, any such testimony will no doubt be the subject of pre-trial motions.

(v)     the deposition may not exceed four hours (excluding breaks, and Balcom may

take as many breaks as needed); and

(vi)    only one attorney will ask Balcom questions at the deposition and shall not raise

his or her voice or do anything to intimidate or scare Balcom.[5]

See Fed. R. Civ. P. 26(c)(1)(C); see also Doe, 2014 WL 7271522, at *3 (denying the plaintiffs'

motion for a protective order but limiting the scope of questioning and allowing the plaintiff to

have an "additional person of trust . . . attend the deposition"); Tessera, Inc. v. Micron Tech.,

Inc., No. 06-6004, 2006 WL 1075451, at *1-2 (D. Idaho Apr. 21, 2006) (denying the defendant's

motion for a protective order prohibiting the deposition entirely provided the deponent could

choose the location of the deposition and have whomever he chooses join him, the deposition

would last no more than four hours, only one attorney would ask the deponent questions, and the

scope of questioning would be provided in advance).

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART and DENIES IN PART Plaintiffs'

motion for a protective order (ECF No. 115).

**IT IS SO ORDERED.**

DATED this 10th day of December, 2024.

_____

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[5] Plaintiffs have not explained how a videotaped deposition would harm Balcom, and
therefore the Court does not prohibit the use of video at the deposition.