IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LARRY BALCOM, an individual, by and through his guardian ad litem, Mary Barnes, and MARY BARNES,<br><br>                Plaintiffs,<br><br>        v.<br><br>CLINTON PETERSON and APRIL PETERSON, a married couple, FORECLOSURE HELP, L.L.C., an Idaho Limited Liability Company, and TRUSTED HOME OFFER, L.L.C., and Idaho Limited Liability Company,<br><br>                Defendants. | Case No. 3:23-cv-00528-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiffs Larry Balcom ("Balcom") and Mary Barnes ("Barnes") (together, "Plaintiffs") filed this action against Defendants Clinton and April Peterson, Foreclosure Help, LLC, and Trusted Home Offer, LLC (together, "Defendants"). Plaintiffs assert claims against Defendants for violating Oregon's Unlawful Trade Practices Act, financial abuse of a vulnerable person under Oregon Revised Statute ("ORS") § 124.110, breach of fiduciary duty, constructive fraud, and fraudulent transfer. (Third Am. Compl. ("Compl."), ECF No. 122.)

PAGE 1 – OPINION AND ORDER

Now before the Court is Plaintiffs' motion to compel production of documents and for sanctions. (ECF No. 90.) For the reasons discussed below, the Court grants in part and denies in part Plaintiffs' motion.

## LEGAL STANDARDS

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1) (listing relevant proportionality factors). Courts construe Rule 26(b)(1) "broadly." *Roberts v. Legacy Meridian Park Hosp., Inc.*, 299 F.R.D. 669, 671 (D. Or. 2014). When a party fails to provide requested discovery that falls within the scope of Rule 26(b)(1), Rule 37(a)(1) allows the requesting party to "move for an order compelling disclosure or discovery." *Id.* (quoting FED. R. CIV. P. 37(a)(1)).

"If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). "They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." *Id.*

Rule 37(b)(2)(C) further provides that if a party fails to obey an order to provide discovery, instead of or in addition to the just orders listed above, "the court *must* order the

PAGE 2 – OPINION AND ORDER

disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C) (emphasis added). "The burden to establish that noncompliance with the requirements of Rule 37[] was substantially justified, or that special circumstances would render the imposition of sanctions inappropriate, is on the party facing sanctions." *Wickersham v. Eastside Distilling, Inc.*, No. 3:20-CV-02182-YY, 2024 WL 1997896, at *4 (D. Or. May 4, 2024) (citation omitted). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Id.* (quoting *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)).

## DISCUSSION

On June 10, 2024, Plaintiffs filed a motion for an order compelling Defendants to respond to all of Plaintiffs' pending discovery requests and for sanctions as a result of alleged discovery abuses. (Pls.' Mot. Compel & Sanctions ("Pls.' Mot."), ECF No. 90.) In response to the Court's invitation for supplemental briefing on the motion, Plaintiffs filed a supplemental brief on August 21, 2024. (Pls.' Supp. Br. Mot. Compel & Sanctions ("Pls.' Supp. Br."), ECF No. 130.) The Court held a status conference to discuss the pending motions on October 23, 2024. (ECF No. 137.)

### I. PLAINTIFFS' MOTION TO COMPEL

Plaintiffs ask for a blanket order compelling Defendants to respond "to all discovery requests since August 2023." (Pls.' Mot. at 2.) Defendants respond that Plaintiffs already possess

PAGE 3 – OPINION AND ORDER

the information they seek. (Defs.' Resp. Pls.' Mot. Compel & Sanctions ("Defs.' Resp.") at 1, 3, ECF No. 104.)

After filing their motion to compel, Plaintiffs received additional financial records in response to the subpoenas they served on Defendants' financial institution and certified public accountant ("CPA"). (Pls.' Supp. Br. at 4.) The Court allowed Plaintiffs to file supplemental briefing in support of the pending motion to compel with any new information obtained via subpoena, and Plaintiffs reported in August that they had not yet analyzed all of the subpoenaed records. (*Id.*) The parties have not provided any further updates regarding the status of discovery, and the current record is incomplete as to what discovery remains outstanding.

In light of additional discovery that Plaintiffs received since they filed the motion to compel, as well as the passage of time, the Court denies Plaintiffs' motion for a blanket order compelling Defendants to respond to all pending discovery requests. The Court encourages the parties to continue to meet and confer regarding any outstanding discovery and initiate the Court's informal discovery dispute resolution procedures to request the Court's assistance, if necessary.

## II.  PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs allege that Defendant April Peterson "fabricated evidence in the form of bank statements" that the Court had ordered Defendants to produce, and asks the Court to strike Defendants' answer, find that Plaintiffs have proven their veil-piercing theory of liability, or require Defendants to pay Plaintiffs' reasonable attorney's fees and costs associated with discovery to date. (Pls.' Mot. at 2-10.) Defendants respond that Plaintiffs' request for sanctions is "grossly excessive" and inappropriate. (Defs.' Resp. at 1-6.)

///

///

PAGE 4 – OPINION AND ORDER

A.      **Terminating Sanctions**

Plaintiffs ask the Court to strike Defendants' answer, or alternatively enter a finding in Plaintiffs' favor on their "veil-piercing" theory of liability, as a sanction for their discovery abuses to date. (Pls.' Mot. at 2.) Both are effectively "terminating" sanctions that would resolve Plaintiffs' claim or claims on the merits.

Terminating sanctions are appropriate "when 'a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings' because 'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). "Before imposing the 'harsh sanction' of dismissal, however, the district court should consider the following factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Anheuser-Busch*, 69 F.3d at 348); *see also Conn. Gen. Life. Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (finding that a terminating sanction is "very severe" and can only be justified in cases of "willfulness, bad faith, and fault").

The Court has already noted its concerns about April Peterson's alteration of a bank statement she produced in discovery, and that she was less than forthright about the altered records at her deposition. (Op. & Order at 3, ECF No. 112.) The Court responded to the discovery violation, in part, by vacating its protective order quashing Plaintiffs' subpoenas to Defendants' financial institution and opening the door to additional discovery of the Petersons'

PAGE 5 – OPINION AND ORDER

personal financial records. (*See id.*) As a result, Plaintiffs served new subpoenas on Defendants' bank, which produced records relating to eleven of Defendants' bank accounts, and Plaintiffs have retained an expert to review the financial records. (Pls.' Supp. Br. at 3-4.) The Court's order also allowed Plaintiffs to serve a subpoena for records on the Petersons' CPA. (*Id.*)

Although the Court agrees with Plaintiffs that April Peterson's alteration of a discovery record is a serious and concerning discovery violation, the Court finds that it does not rise to the level of a terminating sanction. On balance, the public policy favoring disposition of claims on the merits and the availability of less drastic sanctions outweigh the risk of prejudice to Plaintiffs and disruption caused by Defendants' discovery violation. Specifically, expanding the scope of discovery to allow Plaintiffs to obtain copies of Defendants' financial records from third parties has largely addressed the harm Defendants' lack of transparency caused. Further, Defendants' recent cooperation to resolve Plaintiffs' Motion for Provisional Process and Preliminary Injunction to Freeze the Assets of the Defendants (ECF Nos. 94, 135), provides the Court with some assurance that Defendants have learned from their mistake. Finally, ordering Defendants to pay Plaintiffs' reasonable expenses resulting from Defendants' violation of the Court's discovery order, as discussed below, is an alternative sanction that should motivate Defendants to follow the rules to avoid any further sanctions. For these reasons, the Court denies Plaintiffs' request for terminating sanctions.

### B.    Attorney's Fees and Costs

The Court agrees with Plaintiffs that Defendants should be required to pay Plaintiffs' expenses resulting from Defendants' violation of the Court's discovery order.[1]

---

[1] To the extent Plaintiffs are requesting that the Court order Defendants to pay all of Plaintiffs' fees and costs to conduct discovery to date (Pls.' Mot. at 2, 10), the Court denies the request.

PAGE 6 – OPINION AND ORDER

On December 15, 2023, the Court ordered Defendants to produce unredacted bank statements from the Idaho Central Credit Union account of Foreclosure Help by December 29, 2023. (ECF No. 48.) Plaintiffs presented evidence—which Defendants do not dispute—establishing that Defendants failed to comply with the Court's December 15, 2023, order to produce the unredacted Idaho Central Credit Union bank statements, and instead produced redacted versions of the statements without disclosing that they had altered the documents prior to production. (*See* Aff. Mark Songer ¶¶ 6-7, concluding that the Idaho Central Credit Union bank statements produced by Defendants on December 29, 2023, were "fabricated," ECF No. 90-1.) Apparently Defendants did not disclose their alteration of the records to their counsel, and thereafter Defendants' counsel withdrew. (*See* Mot. Withdraw at 2, "Withdrawal is mandatory under RPC 1.16(a)," ECF No. 86.) Thus, it is undisputed that Defendants failed to comply with the Court's December 15, 2023, discovery order.

Considering the relevant factors, the Court finds that Defendants' failure to produce the unredacted bank statements, as ordered, was not substantially justified and there are no circumstances that make an award of expenses unjust here. Notably, Defendants do not oppose Plaintiffs' request for an award of expenses under Rule 37(b)(2)(C) (*see generally* Defs.' Resp.), and therefore have not met their burden of demonstrating that their noncompliance was substantially justified or that special circumstances would render sanctions unjust.

Accordingly, the Court grants Plaintiffs' motion for reasonable expenses caused by Defendants' violation of the Court's December 15, 2023, order, including attorney's and expert fees. *See McVeigh v. Climate Changers, Inc.*, 704 F. App'x 694, 695 (9th Cir. 2017) ("The district court did not abuse its discretion by sanctioning [the plaintiff] in the amount of attorney's fees and costs 'caused by [the plaintiff's] failure to obey a court order to provide or permit

PAGE 7 – OPINION AND ORDER

discovery.'" (quoting *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385-86 (9th Cir. 1988))); *cf. Dagupion v. Nat'l City Mortg. Co.*, 542 F. App'x 643, 644 (9th Cir. Oct. 18, 2013) ("The court properly awarded 'reasonable expenses, including attorney's fees' under Rule 37(b)(2)(C) following [the plaintiff's] failure to attend his court-ordered deposition . . . . The defendants provided a detailed account of their fees and costs resulting from the failure to attend, and the court awarded a reasonable sum.").

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to compel and for sanctions (ECF No. 90). Plaintiffs' counsel shall send Defendants' counsel a detailed itemization of Plaintiffs' reasonable expenses, including attorney's and expert fees, caused by Defendants' violation of the Court's December 15, 2023, order, by December 24, 2024, and the parties shall confer regarding the requested amount of expenses by January 7, 2025. If the parties are unable to agree on the reasonable amount of expenses, Plaintiffs shall file a motion for approval of expenses by January 14, 2025, Defendants shall respond by January 28, 2025, and Plaintiffs may reply by February 11, 2025.

**IT IS SO ORDERED.**

DATED this 10th day of December, 2024.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge